# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | Case No. CR10-0044 |
| vs. | ORDER FOR PRETRIAL DETENTION |
| **JAMIE GOAD,** | |
| Defendant. | |

On the 18th day of June, 2010, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney C.J. Williams. The Defendant appeared personally and was represented by his attorney, Jill M. Johnston.

## RELEVANT FACTS

On June 8, 2010, Defendant Jamie Goad was charged by Indictment (docket number 2) with being a domestic violence misdemeanant in possession of a firearm. Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on August 9, 2010.

Cedar Rapids Police Officer Joshua McAlpin testified regarding the circumstances underlying the instant charge. On April 9, 2010, officers received information from Aaron Porter, that Defendant was in possession of a stolen shotgun which he tried to sell to the informant. Porter also informed police officers that Defendant had an outstanding arrest warrant for a probation violation. Porter lived in the apartment below Defendant's mother's apartment, where Defendant was staying.

After confirming that a warrant was outstanding for his arrest, Police officers went to the apartment complex where Defendant was located. Eventually, the officers

1

approached the apartment and knocked on the door. No one answered the door. The officers spoke with Porter in the hallway. Porter informed the officers that Defendant was in the apartment, and that he had been speaking with Defendant on a phone. Officer McAlpin called the phone number identified by Porter, and heard a phone ringing inside the apartment. Ultimately, the officers breached the door, and found Defendant laying on a bed in the back bedroom. The officers placed Defendant under arrest. Defendant was searched incident to arrest, and the officers discovered a marijuana pipe on his person. The officers took Defendant to jail.

Defendant's mother, Sherri Waller, and a child were also in the apartment. The officers talked to Waller about searching her garage because Porter had told them that the stolen shotgun was located in the garage. Waller consented to a search of the garage, and gave the officers her key to the garage. Inside the garage, officers found a 12-gauge Charles Bailey shotgun which had been stolen in a house burglary on March 30, 2010. When questioned by police, Defendant claimed that he did not know that there was a shotgun in the garage. Defendant also stated that Joshua McCool asked his permission to place some items in the garage.

On June 15, 2010, police officers arrested Defendant on the federal arrest warrant issued in this case. The officers questioned Defendant about the shotgun. Once again, Defendant denied that he knew the shotgun had been in the garage. Defendant admitted, however, that he was "down the road" from the burglarized residence where the shotgun was stolen, and saw McCool with the shotgun.

According to the pretrial services report, Defendant is 20 years old, unmarried, and the father of two children, ages 3 and 4 months. Defendant has lived his entire life in Cedar Rapids. Prior to his arrest, Defendant resided with his father and stepmother in Cedar Rapids. Defendant told the pretrial services officer that if released, he would return to his father's residence. However, Defendant's father has numerous felony convictions and was in prison in the Iowa Department of Corrections as recently as 2007. Defendant's mother is medically disabled and receives government housing assistance. Due to

restrictions on her living situation, she indicated that Defendant could not reside with her. At the time of hearing, Defendant proffered that he could live with his girlfriend. Apparently, however, the girlfriend was a victim of Defendant's domestic abuse, and a no-contact order was only recently lifted.

Defendant dropped out of school in the 11th grade. Since February 2010, and prior to his arrest, he was employed as a general laborer at the U.S. Cellular Center. Prior to his employment at the U.S. Cellular Center, Defendant worked for about six months in 2009, as a laborer for Carter's Construction. Defendant also worked for about six months in 2007, as a cook at a Wendy's fast food restaurant.

Defendant does not have any physical or mental health issues. He has been diagnosed with Attention Deficit Hyperactivity Disorder, and takes Ritalin for it. Defendant admitted that he started using marijuana at age sixteen, and has used marijuana two or three times per week since that time. His last use of marijuana was about four days prior to his arrest.

Defendant has been convicted of unauthorized use of a credit card. Defendant has been convicted of domestic abuse assault and assault, on separate occasions. Defendant has also been convicted of carrying a concealed weapon, accessory to felony, and 4th Degree theft. Additionally, Defendant has multiple convictions for drug and alcohol offenses. Many of Defendant's criminal activities occurred while he was on pretrial release or probation. Defendant has failed to appear for court proceedings at least four times.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with being a domestic violence misdemeanant in possession of a firearm, one of the offenses found in § 3142(f)(1). Also, the Government alleges a serious risk of flight

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's

evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with being a domestic violence misdemeanant in possession of a firearm. Without being able to adequately assess the credibility of the informant who placed Defendant in possession of the shotgun, the Court is unable to determine "the weight of the evidence." While Defendant has lived in Cedar Rapids all of his life, he does not appear to have a stable residence or steady employment. Prior to his arrest, Defendant was living with his father, but his father has numerous felony convictions and was in prison in the Iowa Department of Corrections as recently as 2007. Defendant was employed prior to his arrest, but only for a few months. Defendant has a history of regular marijuana use. For being only 20 years old, Defendant has a substantial criminal record, including two convictions for assault. Significantly, Defendant has repeatedly committed additional offenses while on pretrial release or probation, and has failed to appear for court on multiple occasions. The Court has no confidence that Defendant would comply with any terms or conditions of pretrial release.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required . The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (June 15, 2010) to the filing of this Ruling (June 21, 2010) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 21st day of June, 2010.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA